### John H. Bogert, Appellee, v. Chalmers & Williams, corporation, Appellant.

### Gen. No. 22,324.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Victor P. Arnold, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed October 10, 1917.

### Statement of the Case.

Action by John H. Bogert, plaintiff, against Chalmers & Williams, a corporation, defendant, to recover damages under section 1 of the Act to provide for the health, safety and comfort of employees in factories, mercantile establishments, etc., in force July 1, 1910 (J. & A. ¶ 5386), for personal injuries sustained by plaintiff. From a judgment for plaintiff for $3,000, upon defendant's motion at the close of plaintiff's evidence for a directed verdict, defendant appeals.

Plaintiff was injured while at work in defendant's machine shop by the falling of a block which was sup-

ported from a cable running around a drum on a crane operated on an overhead track by electrical power and the accident was caused by the power not being shut off when the block reached the carriage of the crane, so that the cable broke and the block fell. Both parties were within the provisions of the Workmen's Compensation Act of 1911.

FRANK M. COX and R. J. FELLINGHAM, for appellant.

RICHARD J. FINN, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 690*—*when evidence shows that machinery is known to be dangerous by officers of corporation.* Evidence *held* to show that machinery, consisting of a crane operated on an overhead track by electrical power to carry a block for lifting heavy material, was dangerous and so known to the elective officers of defendant corporation, in an action under the Health and Safety Act, sec. 1 (J. & A. ¶ 5386), to recover damages for personal injuries sustained by defendant's employee.

2. WORKMEN'S COMPENSATION ACT, § 6*—*what constitutes intentional failure to safeguard machinery giving right of action at law to employee.* Evidence *held* sufficient to warrant the finding that defendant's failure to safeguard its machinery was intentional, within the meaning of section 3 of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5451), providing that, when an injury is caused by the intentional failure to comply with statutory safety regulations an employee under the act may maintain an action at law, where a violation of section 1 of the Health and Safety Act (J. & A. ¶ 5386) was established and the president of defendant, the immediate superior of the master mechanic, was in the shop where the machinery was located and near it every day and sometimes three or four times a day, and one of defendant's directors was there every day.

3. MASTER AND SERVANT, § 158*—*what constitutes violation of statute relative to safeguarding machinery.* Failure to employ upon

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dangerous machinery a well-known, simple, practical device which could be readily installed, thereby obviating the danger, constitutes a violation of section 1 of the Health and Safety Act (J. & A. ¶ 5386).

4. APPEAL AND ERROR, § 1088*—*what points may not be urged in argument.* Points not made in the brief on appeal cannot be urged in argument.

5. APPEAL AND ERROR, § 1088*—*necessity of specifically pointing out error in brief.* Any error complained of on appeal must be specifically pointed out in the brief.